UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBIN ALLMAN, <br> MARGARET BAUGHER, <br> MARK BAUGHER, <br> KRISTIE BINDA, <br> GARY DAVIS, <br> ANDREW GREENE, <br> AMBER LEWIS-LILLY, <br> MICHAEL MCKINLEY, <br> TIM STIRES, <br> JEFF WELKER, <br> ROBERT ALLMAN, <br>      Plaintiffs, <br>   vs. <br> KEVIN SMITH in his individual capacity and in his official capacity as Mayor of the City of Anderson, <br> CITY OF ANDERSON, <br>      Defendants. | No. 1:12-cv-00568-TWP-DML |

**ENTRY ON MOTIONS TO AMEND SUMMARY JUDGMENT ENTRY
AND FOR CERTICIATION OF INTERLOCUTORY APPEAL AND STAY**

This matter is before the Court on Defendants Kevin Smith's ("Mayor Smith") and the City of Anderson's (the "City") Motion to Amend Summary Judgment Entry (Dkt. 83) and Motion for Certification of Interlocutory Appeal under 28 U.S.C. § 1292(b) and for Stay of Proceedings Pending Appeal (Dkt. 85). For the reasons set forth below, the motion for certification of interlocutory appeal and motion to stay is **DENIED**, and the motion to amend is **GRANTED in part** and **DENIED in part**.

# I. BACKGROUND

The facts of this case are set forth in detail in the Court's Entry on Summary Judgment (Dkt. 79), so only a brief recitation is necessary here. In November 2011, Mayor Smith was elected Mayor of the City of Anderson, and his term began on January 1, 2012. Shortly prior to or immediately following the beginning of Mayor Smith's term, the Plaintiffs, who were all City employees, were terminated. The Plaintiffs all allege that they were improperly terminated for political reasons in violation of the First Amendment of the United States Constitution because their positions were not such that political loyalty was a valid qualification for employment. Defendants filed a Motion for Summary Judgment, arguing that political loyalty was a valid qualification for each of the positions in question, thus making the Plaintiffs exempt from First Amendment protection. The Court denied summary judgment on each Plaintiff's claim that they were terminated in violation of the First Amendment. Dkt. 79 at 25. The Court granted Mayor Smith's motion for summary judgment on the issue of qualified immunity with respect to Plaintiffs Mark Baugher, Kristie Binda, Gary Davis, Andrew Greene, Amber Lewis-Lilly, Michael McKinley, Tim Stires, Jeff Welker and Robert Allman, and denied summary judgment on the qualified immunity issue as to Robin Allman and Margaret Baugher. *Id.* Defendants are now asking the Court to amend portions of its Entry on Summary Judgment to make it to comply with 28 U.S.C. § 1292(b) so that the order may be immediately appealable, and to make two additional factual amendments to the summary judgment order. Defendants also ask the Court to certify the entire case for appellate review under 28 U.S.C. § 1292(b).

# II. LEGAL STANDARD

Interlocutory appeals are governed by 28 U.S.C. § 1292(b). Under § 1292(b), a district court may certify an interlocutory order for immediate appeal whenever the order: (1) involves a

controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. In other words, to grant a petition, "there must be a question of *law,* it must be *controlling,* it must be *contestable,* and its resolution must promise to speed up the litigation." *Ahrenholz v. Bd. of Trust. of the Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2002) (emphasis in original). Importantly, each criterion must be met.

### III. DISCUSSION

**A. Motion to Certify**

Defendants ask the Court to amend its Summary Judgment Entry to state that the decision "involves a controlling question of law as to which there is substantial difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Dkt. 84 at 1-2 (quoting 28 U.S.C. § 1292(b)). The Seventh Circuit has determined that an interlocutory appeal is appropriate under § 1292(b) if "(1) the appeal presents a question of law; (2) it is controlling; (3) it is contestable; (4) its resolution will expedite the resolution of the litigation, and (5) the petition to appeal is filed in the district court within a reasonable amount of time after entry of the order sought to be appealed." *Boim v. Quranic Literacy Inst. & Holy Land Found. for Relief & Dev.*, 291 F.3d 1000, 1007 (7th Cir. 2002).

The Supreme Court has held that a defendant entitled to invoke a qualified immunity defense may not appeal a district court's summary judgment order insofar as that order turns on whether there is a genuine issue of fact for trial. *Johnson v. Jones*, 515 U.S. 304, 320-21 (1995). Stated differently, a district court's denial of a claim of qualified immunity is only appealable to the extent it turns on a pure issue of law that can be decided with reference only to undisputed

3

facts and in isolation from the remaining issues of the case. *Id.* at 313 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)).

The Court's denial of summary judgment on two of the Plaintiffs' claims does not involve pure questions of law, but instead is intertwined with questions of fact. The issue was whether the termination of Robin Allman and Robin Baugher were such that Mayor Smith, as a reasonable public official, should have known that his conduct was unlawful. There is no question that termination of non-political employees based upon political patronage is a violation of the First Amendment. The question of whether Mayor Smith's conduct was an obvious violation turns upon the factual determinations that must be made in this case. This does not meet the first requirement of § 1292(b), which requires "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine" that applies only to "pure question[s] of law rather than an issue that might be free from a factual contest." *Ahrenholz*, 219 F.3d at 676-77. Interlocutory appeals of qualified immunity matters are limited to cases presenting more abstract issues of law. *See Johnson*, 515 U.S. at 312-16. The Court's ruling on the issue of qualified immunity in this case is not of the type that is immediately appealable; therefore, Defendants' motion to amend the entry to comply with § 1292(b) and the motion to certify for interlocutory appeal are **DENIED**.[1] The motion to stay is likewise **DENIED**.

B.     **Motion to Reconsider**

Defendants also request that the Court modify certain portions of its Entry to correct alleged misstatements of fact, which the Court will treat as a motion for reconsideration.

---

[1] Defendants also make the argument that the remaining issues outside of the question of qualified immunity can be resolved without a trial, thus the entire case should be certified for appeal. However, the Court's ruling found that there were several questions of material fact for the jury that made summary judgment inappropriate, and the Defendants themselves even argue in their motion to amend that the question of motivation for the Plaintiffs' termination is a question of fact for trial. Thus, the argument that the entire case should be certified for appeal because there are no remaining issues for trial, aside from the qualified immunity issue, is unavailing.

4

Motions to reconsider serve a limited function, to be used "where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Davis v. Carmel Clay Sch.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)) (additional quotations omitted). A court may grant a motion to reconsider where a movant demonstrates a manifest error of law or fact. *In re Prince*, 85 F.3d at 324. A motion to reconsider is not an occasion to make new arguments. *Granite State Ins. Co. v. Degerlia*, 925 F.2d 189, 192 n.7 (7th Cir. 1991).

Defendants ask the Court to amend its Entry on Summary Judgment on two points. First, Defendants argue that the Entry misstates Defendants' position regarding their motivation for terminating the Plaintiffs. Although this does not have an impact upon the Court's summary judgment ruling, the Court will clarify that the position that Plaintiffs' terminations were politically motivated was only for purposes of the summary judgment motion, and this fact still remains disputed for trial. The motion to amend this portion of the Court's Entry is **GRANTED**.

Second, Defendants argue that the Entry on Summary Judgment should be modified to state that it is an undisputed fact Andrew Greene had access to politically sensitive confidential information. The Court finds there is no reason to modify its Entry on this issue, as the Court fully considered Mr. Greene's job description, as well as his affidavit, in making its ruling that there are disputed issues of fact making summary judgment on his claim inappropriate. As stated in the Court's Entry, what Mr. Greene's actual job duties were is irrelevant for purposes of the safe harbor provision; it is the job description that is relevant to this determination. *Riley v. Blagojevich*, 425 F.3d 357, 364 (7th Cir. 2005). Whether "access to confidential information"

should have been included in Mr. Greene's job description, whether the confidential information was politically sensitive, and whether Mr. Greene was guided by professional rather than political norms in keeping this information confidential are all questions of fact that are appropriate for the jury. The motion to amend this portion of the Court's Entry is **DENIED**.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion for Certification of Interlocutory Appeal and Motion to Stay (Dkt. 85) is **DENIED**. The Motion to Amend Summary Judgment Entry (Dkt. 83) is **GRANTED in part** and **DENIED in part**.

SO ORDERED.

Date: 05/23/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Richard Bruce Walker
walkerlaw8@gmail.com

Anthony W. Overholt
FROST BROWN TODD LLC
aoverholt@fbtlaw.com

Jeffrey A. Macey
MACEY SWANSON & ALLMAN
jmacey@maceylaw.com

Barry A. Macey
MACEY SWANSON AND ALLMAN
bmacey@maceylaw.com