UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBIN ALLMAN, MARGARET BAUGHER, MARK BAUGHER, KRISTIE BINDA, GARY DAVIS, ANDREW GREENE, AMBER LEWIS-LILLY, MICHAEL MCKINLEY, TIM STIRES, JEFF WELKER, ROBERT ALLMAN, <br><br> Plaintiffs, <br><br> vs. <br><br> KEVIN SMITH, CITY OF ANDERSON, <br><br> Defendants. | Case No. 1:12-cv-00568-TWP-DML |

**ENTRY ON ORAL MOTIONS**

Before the Court is the Defendants' Rule 50 motion, with regard to Tim Stires' claims against the Defendants and the Defendants' Rule 50 motion, with regard to the issue of qualified immunity. Both motions were previously argued orally at trial, and the Court took the motions under advisement. For the following reasons, the Court finds as follows:

### I. Legal Standard

Fed. R. Civ. P. 50(a) allows a district court to enter judgment against a party who has been fully heard on an issue during a jury trial if "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." *Schandelmeier-Bartels v. Chi. Park Dist.*, 634 F.3d 372, 376 (7th Cir. 2011.) Under Rule 50, the district court is not free to weigh the parties' evidence or the reasonable inferences that might be drawn from the evidence by the jury. Wright & Miller, 9B Fed. Prac. & Proc. Civ. § 2524 (3d ed.). Nor may the district court assess or evaluate the credibility of the witnesses. *Id*.

1

### A. Tim Stires' claims

First, Defendants contend that Tim Stires' claims against the City should be dismissed because the Plaintiffs have failed to submit substantial evidence that he was not in a political position. Although there is evidence that Tim Stires may have had meaningful impact into government decision-making, there remains a fact issue whether "the inherent powers of [his position] are such that political loyalty is a valid qualification". (See [Filing No. 79 at 21-22](#).) There is evidence from which a reasonable jury could find in Tim Stires' favor, accordingly, the Rule 50 motion with regards to Mr. Stires' claim is **DENIED**.

### B. Qualified Immunity

Second, the Defendants assert that former Mayor Kevin Smith is individually protected from Robin Allman and Margaret Baugher. "Government officials performing discretionary functions are entitled to qualified immunity from suit 'as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated.'" *Kiddy-Brown v. Blagojevich*, 408 F.3d 346, 352 (7th Cir. 2005) (quoting *Anderson v. Creighton*, 483 U.S. 635, 638 (1987)). In addition to alleging facts that, if true, would constitute a violation of a constitutional right, the Plaintiffs must show that the case law was "clearly established" at the time of the alleged violation, so that a reasonable public official would have known that his conduct was unlawful. *Id.* A plaintiff is not required to find a factually indistinguishable case on point, but if there is no such case, he needs to offer a different explanation for why the constitutional violation is obvious. *Moss v. Martin*, 614 F.3d 707, 712 (7th Cir. 2010). Plaintiffs cannot rely upon the broad proposition that the First Amendment protects against certain political patronage firings; they must instead show that the violation was clear in the specific context of the case. *Id.*

### 1. Robin Allman

Plaintiffs allege that Mayor Smith "promoted" Robin Allman from the Cashier position back to the Office Manager position in order to terminate her, thereby demonstrating "recklessness and a disregard of the law." As addressed in the Court's Entry on Summary Judgment, if true, such actions would imply that Mayor Smith was aware that terminating Robin Allman directly from her Cashier position would have violated the First Amendment because it is a low-level, ministerial position. (*See* Filing No. 79 at 23-24.)

In their Rule 50 motion, Defendants argue that the trial evidence shows that Robin Allman did not properly transfer from her position as Office Manager of the Utility Department, a political position, to the position of Cashier, a non-politically sensitive position. (*See* Seventh Circuit Mandate, Filing No. 103 at 6-7.) Defendants note that Robin Allman's supervisor, Ms. Wiley, testified she would not sign off on the transfer because she did not consider the transfer to be consistent with City policy, specifically because Robin Allman did not follow the collective bargaining procedures. Defendants contend that Robin Allman was not properly a Cashier, that she worked as Office Manager at the time her termination decision was made and thus, her termination did not violate any clear First Amendment rights.

The Plaintiffs respond that the trial evidence demonstrates a question of fact whether Robin Allman properly transferred to the cashier's position. In support, the Plaintiffs note that Ms. Wiley could not identify a policy that Robin Allman violated by transferring, and there is evidence that the transfer was consistent with City policy and was signed off on by Ms. Wiley's boss, Mr. Priser. Further, the Plaintiffs note that there is evidence suggesting that Robin Allman was terminated by Mayor Smith directly, noting admissions by the Mayor and noting that Robin Allman received her termination letter on Mayor Smith's election stationery.

3

Plaintiffs have produced sufficient evidence to create a jury question on whether Robin Allman properly transferred to the Cashier position. As previously stated, if Robin Allman was properly transferred to the Cashier position; and was, thereafter, "promoted" to the position of Office Manager to be fired, Mayor Smith is not entitled to qualified immunity. Accordingly, the Court denies the Defendants' Rule 50 motion with regards to the issue of qualified immunity for Robin Allman's termination.

### 2. Margaret Baugher

Plaintiffs also allege that there is no reasonable basis for believing that Margaret Baugher's position as a Customer Service Supervisor in the City's Utility Department required political loyalty. "The Seventh Circuit has held that the case law has 'made clear that an employee who performs primarily ministerial functions and who has little autonomy or discretion in performing his duties is not subject to patronage dismissal.'" *Allen v. Elgin*, No. 2:04-CV-001 PS, 2006 WL 3314557 (N.D. Ind. Nov. 9, 2006) (quoting *Flenner v. Sheahan*, 107 F.3d 459, 463 (7th Cir. 1997)). As the Seventh Circuit noted, this position was "not at the top of the Utility Department, or even a deputy, but the third level on the organization chart." (Filing No. 103 at 8.) Further, the Seventh Circuit affirmed this Court's conclusion that, based on Ms. Baugher's job description, her position involved "clearly ministerial functions". (*See* Filing No. 79 at 18, 24; Filing No. 103 at 12.)

In their Rule 50 motion, the Defendants argue that the trial evidence shows that Ms. Baugher was dismissed by Susie Stapleton on the basis of misconduct, and that Mayor Smith was not involved in the decision. In response, the Plaintiffs appear to concede that there is no direct evidence of Mayor Smith's involvement in Ms. Baugher's termination. Instead, the Plaintiffs note that Susie Smith admitted to being concerned about Mayor's Smith's opinion on Ms. Baugher's termination. In addition, the Plaintiffs contend that Mayor Smith's denial of involvement in the

termination decision is not credible, given that Mayor Smith was successfully impeached on the termination decisions regarding Amber Lewis-Lilly and others.

The Court is not persuaded that the Plaintiffs have submitted sufficient evidence to demonstrate Mayor Smith's involvement in Ms. Baugher's termination decisions. Instead, the Plaintiffs rely solely on conjecture and broad credibility arguments. This, however, is not sufficient evidence to demonstrate that Mayor Smith knowingly violated clear First Amendment rights with respect to Ms. Baugher. Accordingly, the Court considers Mayor Smith to be entitled to qualified immunity with respect to Ms. Baugher's claims.

### 3. Advice of Counsel

Finally, the Defendants argue that, because the trial evidence shows that attorneys were involved to assist Mayor Smith's transition team, Mayor Smith is entitled to qualified immunity for this reason as well. The Plaintiffs respond, and the Court agrees, however, that the evidence regarding the nature and extent of the attorneys' involvement in the transition was not fully developed at trial. As such, Mayor Smith is not entitled to qualified immunity for this reason.

### III. Conclusion

For the aforementioned reasons, the Court **DENIES** the Defendants' Rule 50 motion, with regard to Plaintiff Tim Stires' claims. The Court **DENIES** the Defendants' Rule 50 motion regarding qualified immunity for Mayor Smith with respect to Robin Allman's claims. The Court **GRANTS** Defendants' Rule 50 motion regarding qualified immunity for Mayor Smith with respect to Margaret Baugher's claim.

Date: 3/21/2016

*[signature: Tanya Walton Pratt]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Anthony W. Overholt
FROST BROWN TODD LLC
aoverholt@fbtlaw.com

Jessica Williams Schnelker
FROST BROWN TODD LLC
jschnelker@fbtlaw.com

Jeffrey A. Macey
MACEY SWANSON & ALLMAN
jmacey@maceylaw.com

Quincy Erica Sauer
MACEY SWANSON & ALLMAN
qsauer@maceylaw.com

Barry A. Macey
MACEY SWANSON AND ALLMAN
bmacey@maceylaw.com